U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 APR 10 AM 11: 56

CLERK
BY PC
DEPUTY CLERK

UNITED STATE DISTRICT COURT

DISTRICT OF VERMONT

ESTATE OF DAVID J. STEFANIK,
BY STEPHANIE STEFANIK, ADMINISTRATOR, WIFE
and PERSONAL REPRESENTATIVE

v.

2:17-cv-62

MASON L. MORISSETTE and
GRAY TRANSPORTATION of N.H., INC.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Estate of David J. Stefanik, by and through Stephanie Stefanik, Administrator of the Estate of David J. Stefanik and Stephanie Stefanik in her capacity as Wife and Personal Representative of David J. Stefanik (hereinafter "Plaintiff"), and Complains against the Defendants, Mason L. Morissette and Gray Transportation of N.H., Inc., as follows:

## VENUE and JURISDICTION

1.  On August 17, 2015, David J. Stefanik was struck by a logging truck owned by Defendant Gray Transportation of N.H., Inc. (hereinafter Defendant Gray Transportation) and operated by Defendant Mason L. Morissette (hereinafter Defendant Morissette) and died as a result of his injuries on that date.

2.  The accident took place in the Town of Norwich and County of Windsor, Vermont, on Interstate 91 North in the area of Mile Marker 77/55.

3.  In accordance with 14 V.S.A. § 903, Stephanie Stefanik was appointed the Administrator and personal representative of David J. Stefanik by the Vermont Superior Court, Windsor Unit, Probate Division, Docket No. 101-1-16 Wrpr. Her appointment is dated November 8, 2016 and authorizes her to file an action for death from wrongful act.

Case 2:17-cv-00062-wks   Document 1   Filed 04/10/17   Page 2 of 6

4. Stephanie Stefanik, is the wife of David J. Stefanik and is a resident of the City of Columbus, County of Franklin, in the State of Ohio.

5. Defendant Morissette is a resident of the Town of Woodstock, County of Oxford and State of Maine.

6. Defendant Gray Transportation is a New Hampshire corporation with its principal place of business of the Town of Rochester, County of Monroe and State of New Hampshire.

## FACTS OF THE ACCIDENT

7. The Plaintiff repeats, realleges and incorporates Paragraphs 1 – 6 of this complaint as though fully set forth herewith.

8. On or about August 17, 2015, David J. Stefanik, was the driver of a 1999 Freightliner Trailer Truck owned by Bob Boling of Defuniak Springs, Florida.

9. On the same date, David J. Stefanik, was traveling North on Interstate Highway 91 in the State of Vermont when his truck became disabled in the area of mile marker 77/55.

11. David J. Stefanik, parked his truck in the breakdown lane and placed 3 caution triangles behind the truck as a warning to other motorists.

12. On or about 3:00 p.m. on August 17, 2015, Defendant Morissette was driving a logging truck owned by Defendant Gray Transportion in a northerly direction on I-91 in Vermont.

13. Defendant Morissette struck David J. Stefanik with the right front fender of his truck causing grievous injury with death resulting.

14. David J. Stefanik's time of death was determined by a Hanover Paramedic on the scene at 3:24 p.m.

## CRIMINAL AJUDICATION

15. The Plaintiff repeats, realleges and incorporates Paragraphs 1 -14 of this complaint as though fully set forth herewith.

16. Following the accident, Defendant Morissette was charged by the State's Attorney for Windsor County with gross negligence fatality resulting.

17. Defendant Morissette was also charged with negligent operation of a motor vehicle.

18. On February 5, 2017, Defendant Morissette pled guilty to the charge of negligent operation under 23 V.S.A. 1091A.

19. The guilty plea was accepted by Judge Theresa DiMauro at a plea agreement held in Vermont Superior Court, Criminal Division, Windsor Unit.

## COUNT I – WRONGFUL DEATH

20. The Plaintiff repeats, realleges and incorporates Paragraphs 1 - 19 of this complaint as though fully set forth herewith. This Count is brought pursuant to 14 V.S.A. § 1492.

21. Defendant Morissette owed David J. Stefanik a duty to use reasonable care in operating and controlling his motor vehicle.

22. Defendant Morissette failed to use reasonable care in operating his logging truck when he struck David J. Stefanik with his logging truck.

23. As set forth in Paragraphs 18 and 19 of this Complaint and Demand for Jury Trial, Defendant Morissette admitted that he was negligent and careless in the operation of his motor vehicle resulting in the death of David J. Stefanik.

24. As a direct and proximate result of Defendant Morissette's negligence, David J. Stefanik's wife and next of kin suffered pecuniary injuries together with grief, mental anguish, loss of love, companionship, care, nurture, and protection, as to all of which damages, Defendant Morissette is liable pursuant to 14 V.S.A. § 1492 and Vermont case law thereunder.

25. This complaint is being timely filed within two years of the death of David J. Stefanik pursuant to the Vermont Statute of Limitations.

## COUNT II – SURVIVAL ACTION

26. The Plaintiff repeats, realleges and incorporates Paragraphs 1 - 25 of this complaint as though fully set forth herewith.

27. Plaintiff has a right to pursue a survival action under 14 V.S.A. § 1491.

28. Prior to his death, David J. Stefanik suffered emotional distress, fear of impending death, mental anguish and pain and suffering in the accident caused by Defendant Morissette.

29. As a direct and proximate result of Defendant Morissette's negligence, the Plaintiff is entitled to damages for personal injury pursuant to 14 V.S.A. § 1491.

30. As a direct and proximate result of Defendant Morrisette's negligence, the Plaintiff incurred funeral expenses and court fees incurred in Ohio and Vermont Probate Courts.

## COUNT III – RESPONDEAT SUPERIOR

31. The Plaintiff repeats, realleges and incorporates Paragraphs 1 - 31 of this complaint as though fully set forth herewith.

32. At all times relevant hereto, Defendant Morissette was employed by, and was an agent, servant and/or employee of Defendant Gray Transportation.

33.     The above-described acts of Defendant Morissette were committed within the State of Vermont while acting with the scope of his employment with Defendant Gray Transportation.

34.     As Defendant Morissette's employer, Defendant Gray Transportation is responsible for the acts of negligence of its employee, including the damages and loss set forth in Count I and Count II.

## COUNT IV – NEGLIGENT HIRE AND SUPERVISION

35.     The Plaintiff repeats, realleges and incorporates Paragraphs 1 – 34 of this complaint as though fully set forth herewith.

36.     Defendant Gray Transportation knew or should have known that Defendant Morissette was falsifying his D.O.T. records.

37      Defendant Gray Transportation knew or should have known that Defendant Morissette violated policy in operating a logging truck on their behalf.

38.     Defendant Gray Transportation knew or should have known that Defendant Morissette sent and received text messages while he was driving.

39.     Defendant Gray Transportation owed a duty to David J. Stefanik to properly supervise and train its employees to operate their logging trucks in a safe and prudent manner, including Defendant Morissette.

40.     Defendant Gray Transportation knew, had reason to know or should have known, that Defendant Morissette had a record of dangerous, reckless and incompetent driving and he would be likely to drive in an unsafe manner involving unreasonable risk of physical harm to other motorists or pedestrians.

41.     As a direct and proximate result of Defendant Gray Transportation's negligent hire, training and supervision of Defendant Morissette, Defendant Gray Transportation is liable for the damages and loss set forth in Count I and Count II.

WHEREFORE the Plaintiff requests that a Judgment in excess of One Million Dollars be awarded to Plaintiff against the Defendants together with costs, fees and whatever else the Court deems just.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all Counts of the Complaint.

DATED at Springfield, Vermont this 6th day of April, 2017.

>       ESTATE OF DAVID J. STEFANIK,
>       BY STEPHANIE STEFANIK ADMINISTRATIX,
>       WIFE and PERSONAL REPRESENTATIVE
>
>       By: _____
>       Richard K. Bowen, Esquire
>       LAW OFFICE OF RICHARD K. BOWEN
>       P.O. Box 119
>       Springfield, VT  05156
>       Tel: 802-885-3154
>       Fax: 802-885-5028
>       Email: bowenlaw@vermontel.net